UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
        California et al.

Present: **<u>Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE</u>**

<u>  Terry Guerrero  </u>                                 <u>        N/A      </u>
        Deputy Clerk                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

              Not present                                     Not present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER (1) GRANTING IN PART AND
                 DENYING IN PART JCI'S MOTION TO DISMISS (Doc. 40)
                 AND (2) GRANTING IN PART AND DENYING IN PART
                 THE UC DEFENDANTS' MOTION TO DISMISS (Doc. 41)**

       Before the Court are two motions to dismiss: one filed by Defendant Johnson
Controls, Inc. ("JCI"), and one filed by Defendants The Regents of the University of
California ("RUC"), Police Chief Paul Henisey, and Assistant Police Chief Jeffrey
Hutchison (collectively, the "UC Defendants").  (JCI Mot., Doc. 40; UC Mot., Doc. 41.)
Plaintiffs Federated University Police Officers' Association ("FUPOA") and Andrew
Lopez filed oppositions to both motions to dismiss.  (JCI Opp'n, Doc. 42; UC Opp'n,
Doc. 43.)  JCI and the UC Defendants filed separate replies.  (JCI Reply, Doc. 44; UC
Reply, Doc. 45.)  Having reviewed the papers submitted by the parties, held a hearing,
and taken the matter under submission, the Court GRANTS in part and DENIES in part
JCI's Motion and GRANTS in part and DENIES in part the UC Defendants' Motion.

I.      **BACKGROUND**

       The following facts are alleged in Plaintiffs' First Amended Complaint ("FAC").[1]
(FAC, Doc. 37.)  Plaintiff FUPOA is a non-profit mutual benefit corporation with its

---

[1] When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the
complaint.  *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 5 (2010).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                          Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
　　　California et al.

---

principal place of business in Anaheim, California.  (Id. ¶ 3.)  FUPOA represents
employees who work for RUC as police officers and brings this action on behalf of itself
and its members.  (Id. ¶¶ 3-4.)  Andrew Lopez is an employee of the University of
California Police Department who seeks to represent a class defined as:

> All persons employed by the University of California Police Departments
> whose conversations were audio recorded by the audio/video recording
> devices installed both within and outside of the University of California
> Irvine Police Department Building located at 410 East Peltason Drive,
> Irvine, CA[,] on or after September 1, 2013.

(Id. ¶¶ 5, 45.)  RUC is a California corporation that maintains and controls the University
of California, Irvine Police Department.  (Id. ¶ 6.)  Henisey is the Chief of Police for the
UC Irvine Police Department, and Hutchison is the Assistant Chief of Police for the UC
Irvine Police Department.  (Id. ¶¶ 7-8.)  Plaintiffs have sued Henisey in both his official
and individual capacities, and Hutchison in his individual capacity only.  (Id.)  JCI is a
Wisconsin corporation that installed the recording equipment at issue in this case.  (Id.
¶¶ 1, 9.)

In December 2013, Plaintiffs discovered that a "surreptitious network of advanced
audio/video recording devices" had been installed at the UC Irvine Police Department
Building located at 410 East Peltason Drive, in Irvine, California.  (Id. ¶ 16.)  JCI
allegedly installed and maintained the recording system, enabled and used the audio
recording feature, and instructed the UC Defendants on how to use the system.  (Id. ¶ 9.)
Plaintiffs claim that JCI installed the listening devices to record private communications
without Plaintiffs' knowledge or consent and was "a direct participant in the audio
recording scheme."  (Id.)  Plaintiffs also assert that JCI "installed the system in concert
with and with the knowledge, participation and approval of each and every Defendant."
(Id. ¶ 18.)

The UC Defendants allegedly directed the audio recording "with the complicity,
knowledge, direction and approval of all other Defendants."  (Id. ¶ 32.)  Plaintiffs claim

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                        Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
    California et al.
_____

that the UC Defendants "intentionally intercepted, disclosed, or intentionally used" audio recordings of Plaintiffs' confidential communications and transmitted them by cable or wire.  (Id. ¶¶ 16, 23)  According to the FAC, Henisey and Hutchison (the "individual UC Defendants") "specifically requested that the listening devices installed at the UC Irvine Police Department have audio recording capabilities" and "specifically requested that [JCI] install the data cable lines from the Dispatch Center to the individual Business Manager's office so that the recordings made by the audio/video recording devices could be viewed and listened to outside of common areas available to general staff."  (Id. ¶¶ 32, 35.)

        RUC allegedly knew of the individual UC Defendants' actions and "knowingly participated in, directed, and aided such actions through direct and affirmative actions, including, but not limited to funding such actions and reviewing and approving funding for such actions in budgetary oversight."  (Id. ¶ 33.)  Plaintiffs assert that RUC "approved, ratified and directed [the individual UC Defendants'] actions, including the ordering of, installation, maintenance, integration and training concerning the illegal recording system," and by choosing from among several alternatives as the final decisionmaker.  (Id. ¶ 34.)

        The FAC further alleges that Defendants recorded multiple conversations "that could not have been heard by other individuals without the hidden recording devices." (Id. ¶ 21.)  Plaintiffs claim that they had a reasonable expectation of privacy in these conversations because these "communications were made in non-public areas such as offices, hallways, bathrooms and other locations" and because "Plaintiffs engaged in these conversations when no one was in the immediate area and Plaintiffs did not speak in a loud tone of voice."  (Id. ¶¶ 21, 29.)  Further, Plaintiffs assert that their reasonable expectations of privacy were violated because surreptitious audio recording of University of California peace officers is not permitted under Penal Code section 830.2.  (Id.) Plaintiffs allege that the communications that were recorded by Defendants included "conversations concerning personal financial matters, medical matters, attorney-client privileged communications, union matters and private family matters."  (Id. ¶ 30.)

_____
**CIVIL MINUTES – GENERAL**                                          **3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
      California et al.

Plaintiffs also allege that Defendants recorded telephone conversations without the
parties' consent.  (Id. ¶ 31.)

　　　Plaintiffs also claim that "Defendants affirmatively concealed the fact from
Plaintiffs . . . that these devices were actively audio recording" their conversations and
that the system had "advanced audio recording capabilities capable of penetrating
building walls."  (Id. ¶ 22.)  The audio recording devices allegedly "are highly advanced
in their recording capabilities and are able to amplify recordings past those normally
perceptible by standard audio recording."  (Id. ¶ 100.)  In addition, Plaintiffs allege that,
even after certain employees discovered the recording system, Defendants "further
sought to conceal their wrongful conduct by intentionally deleting several months[']
worth of audio recordings."  (Id. ¶35.)  According to the FAC, the UC Defendants
intentionally recorded Plaintiffs' confidential communications and then intentionally
destroyed these audio recordings with JCI's assistance and technical expertise.  (*See* id.
¶¶ 36-40.)  Plaintiffs allege that they currently do not know whether the audio recordings
have ceased.  (Id. ¶ 22.)

　　　On November 6, 2014, Plaintiffs filed a putative class action Complaint in
Alameda County Superior Court against Defendants.  (Notice of Removal, Compl., Doc.
1-1.)  Defendants removed the case to the Northern District of California on December
18, 2014.  (Notice of Removal, Doc. 1; Notice of Joinder, Doc. 2.)  On January 28, 2015,
pursuant to the parties' stipulation, the Honorable James Donato transferred the case to
this Court.  (Transfer, Doc. 18; *see also* Order to Reassign Case, Doc. 23.)  On April 8,
2015, Plaintiffs filed their FAC.  (FAC, Doc. 37.)  The FAC asserts the following causes
of action:

> (1) violation of 18 U.S.C. § 2520 (the "Wiretap Act") – asserted by all Plaintiffs
>     against all Defendants
> (2) violation of 42 U.S.C. § 1983 – asserted by all Plaintiffs against all Defendants
> (3) violation of California Invasion of Privacy Act ("CIPA") under Cal. Penal
>     Code § 637.2 – asserted by all Plaintiffs against Henisey, Hutchison, and JCI

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
        California et al.

        (4)  invasion of privacy/intrusion – asserted by Lopez and the putative class
             against all Defendants
        (5) writ of mandamus pursuant to 28 U.S.C. § 1651 – asserted by all Plaintiffs
             against RUC

        Defendants move to dismiss Plaintiffs' FAC in its entirety.  (JCI Mot.; UC Mot.)

**II.    LEGAL STANDARD**

        When a motion is made pursuant to Rule 12(b)(1), the plaintiff has the burden of
proving that the court has subject matter jurisdiction.  *Tosco Corp. v. Cmtys. for a Better
Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *overruled on other grounds by Hertz Corp. v.
Friend*, 559 U.S. 77 (2010).  For the court to exercise subject matter jurisdiction, a
plaintiff must show that he or she has standing under Article III.  *Cetacean Cmty. v. Bush*,
386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III
standing is not a 'case or controversy,' and an Article III federal court therefore lacks
subject matter jurisdiction over the suit." (citation omitted)).  Article III sets forth the
constitutional limitations on standing, requiring a plaintiff to establish (1) injury in fact,
(2) causation, and (3) redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-
61 (1992).  The injury in fact must be concrete and particularized and actual or imminent,
not conjectural or hypothetical.  *Id.* at 560.  "A jurisdictional challenge under Rule
12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic
evidence."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).
"In a facial attack, the challenger asserts that the allegations contained in a complaint are
insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*,
373 F.3d 1035, 1039 (9th Cir. 2004).  "Dismissal for lack of subject matter jurisdiction is
appropriate if the complaint, considered in its entirety, on its face fails to allege facts
sufficient to establish subject matter jurisdiction."  *In re Dynamic Random Access
Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008).

_____

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
        California et al.
_____

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal
sufficiency of the claims asserted in the complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662,
678-79 (2009).  When evaluating a Rule 12(b)(6) motion, the Court must accept as true
all allegations of material facts that are in the complaint and must construe all inferences
in the light most favorable to the non-moving party.  *See Moyo v. Gomez*, 32 F.3d 1382,
1384 (9th Cir. 1994).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires
only a "short and plain statement of the claim showing that the pleader is entitled to
relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal of a complaint for failure to state a claim is not
proper where a plaintiff has alleged "enough facts to state a claim to relief that is
plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim
has facial plausibility when the plaintiff pleads factual content that allows the court to
draw the reasonable inference that the defendant is liable for the misconduct alleged.  The
plausibility standard is not akin to a 'probability requirement,' but it asks for more than a
sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662,
678 (2009) (quoting *Twombly*, 550 U.S. at 556).  A complaint must (1) "contain
sufficient allegations of underlying facts to give fair notice and to enable the opposing
party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such
that it is not unfair to require the opposing party to be subjected to the expense of
discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).
"Although for the purposes of a motion to dismiss [the Court] must take all of the factual
allegations in the complaint as true, [it] '[is] not bound to accept as true a legal
conclusion couched as a factual allegation.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,
550 U.S. at 555).

### III.    DISCUSSION

Defendants present several arguments as to why Plaintiffs' FAC should be
dismissed in its entirety.  Defendants also contend that Plaintiffs have failed to state a
claim for each of the five distinct causes of actions alleged in the FAC.  The Court first

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
        California et al.

will address Defendants' arguments that relate to the entirety of Plaintiffs' FAC.  The Court then will discuss Defendants' claim-specific arguments.

### A.  Standing (All Claims)

JCI and the UC Defendants both argue that FUPOA "lacks standing to sue on its own because it has not suffered any injury itself, and lacks standing to sue under associational standing because its members must individually participate in the suit." (JCI Mot. at 15-16; UC Mot. at 20-22.)

In regards to individual standing, JCI contends that FUPOA's vague allegations of harm are insufficient.  (UC Mot. at 16.)  The UC Defendants similarly argue that FUPOA "fails to allege that it suffered from any harm or injury" because FUPOA "is lumped in with Plaintiff Lopez for all operative allegations regarding alleged violations of privacy." (UC Mot. at 20.)  The UC Defendants also argue that FUPOA "does not have standing to bring claims for its members' personal matters" and "does not have an interest that is separate and apart from the individual rights of its members."  (UC Reply at 15.)

Plaintiffs, on the other hand, argue that "[i]t is well settled that a union holds privacy rights to union communications – and as such, FUPOA is one of the proper parties to bring a claim for audio recording of such union communications."  (JCI Opp'n at 19; UC Opp'n at 20.)  Plaintiffs argue that FUPOA has standing to assert a Wiretap Act violation under *Smoot v. United Transp. Union*, 246 F.3d 633 (6th Cir. 2001).  (JCI Opp'n at 19-20.)  Plaintiffs claim that "[t]his same sound judicial principle applies to [CIPA]" and that FUPOA also has standing to bring a claim under 42 U.S.C. § 1983  (Id. at 20-21.)

Here, Plaintiffs allege that FUPOA "is a non-profit mutual benefit corporation representing employees working for [RUC]."  (FAC ¶ 3.)  FUPOA brings this action on its own behalf and on behalf of its members.  (Id. ¶ 4.)  While Defendants contend that FUPOA cannot establish that the organization itself suffered an injury, the FAC explicitly alleges that Defendants recorded communications during meetings between union attorneys and their clients regarding internal affairs investigations, as well as

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                          Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
      California et al.

communications between Plaintiff Lopez and other union members and union attorneys concerning pending union lawsuits.  (Id. ¶¶ 30(c)-(d).)  Further, Plaintiffs allege that the alleged unlawful recording of these confidential communications injured FUPOA because it interfered with "FUPOA's ability to represent on matters within the scope of bargaining" and its "privacy rights to union communications."  (Id. ¶ 30(d).)  As a result, despite Defendants' arguments to the contrary, FUPOA has alleged a concrete, particularized, and actual injury in fact to establish Article III standing.

As a corporation and association serving as the bargaining unit for employees working for RUC, FUPOA has standing as a person whose communications were intercepted in violation of the Wiretap Act.  *See Smoot v. United Transp. Union*, 246 F.3d 633, 640-41 (6th Cir. 2001) (finding standing satisfied as to two representative organizations because they had possessory interests in the communications).  Further, because FUPOA's § 1983 is in part based on its Wiretap Act claim, FUPOA also has standing to assert a claim under § 1983.  Finally, "[a]lthough a corporation may not pursue a common law action for invasion of privacy, it may bring an action for violation of the Privacy Act."  *Coulter v. Bank of America*, 28 Cal. App. 4th 923, 930 (1994); *see also* Cal. Penal Code §§ 637.2, 632(b) (providing that any person injured by a violation of CIPA may bring a civil action against the person who committed the violation and defining the term "person" as including "an individual, business association, partnership, corporation, limited liability company, or other legal entity").

As a result, the Court finds that FUPOA has standing to assert its Wiretap Act, CIPA, and § 1983 claims against Defendants.  Because FUPOA has satisfied the requirements for individual standing in regards to those claims, and because Plaintiffs' invasion of privacy/intrusion claim is asserted by Lopez and the putative class only, the Court need not address whether FUPOA has satisfied the requirements of associational standing.[2]

---

[2] Nevertheless, even if the Court were to analyze the requirements for associational standing, FUPOA would satisfy these requirements.  An organization may bring suit on behalf of its members on the basis of associational standing if the entity can show: "(1) at least one of its members would have standing to sue in his own right, (2) the interests the suit seeks to vindicate are germane to the organization's purpose, and (3) neither the claim asserted nor the relief

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
        California et al.
_____

Accordingly, the Court DENIES both JCI's and the UC Defendants motions to
dismiss to the extent they seek to dismiss FUPOA for lack of standing.

### B.  Class Allegations (All Claims)

JCI next contends that Plaintiffs have failed to plead facts that support a class
action because Plaintiffs have failed to plead an ascertainable class, establish similarity or
commonality of injury, or show predominance of common issues.  (*See* JCI Mot. at 17-
19.)  Plaintiffs, however, argue that "[g]iven the early stage of proceedings it is premature
to rule on the propriety of Plaintiffs' class allegations."  (JCI Opp'n at 22.)

The present case is currently at the pleading stage and thus "[w]hether or not
certification on a [class] basis is appropriate in this case is not an issue that is currently
before this Court."  *Allen v. Hylands, Inc.*, No. CV 12-01150 DMG MANX, 2012 WL
1656750, at *2 (C.D. Cal. May 2, 2012); *see also In re Wal-Mart Stores, Inc. Wage &
Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) ("In the absence of any discovery
or specific arguments related to class certification, the Court is not prepared to rule on the
propriety of the class allegations and explicitly reserves such a ruling.")

Accordingly, the Court DENIES JCI's Motion to the extent JCI seeks to strike
Plaintiffs' class allegations.

_____

requested requires the participation of individual members in the lawsuit."  *Fleck & Assocs., Inc.
v. City of Phoenix*, 471 F.3d 1100, 1105-06 (9th Cir. 2006).  Here, Plaintiff Lopez is a member of
FUPOA and his standing to sue has not been challenged by Defendants.  Further, FUPOA seeks
to vindicate its interests in confidential union communications and attorney-client
communications with its members, and these interests are germane to FUPOA's purpose.
Finally, while FUPOA seeks damages, which may require the participation of individual
members in the lawsuit, FUPOA also seeks injunctive relief, which does not require the
participation of individual members.

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                              Date:  July 29, 2015

Title: Federated University Police Officers' Association et al. v. The Regents of the University of
     California et al.

### C.  Special Damages (All Claims)

JCI also argues that "Plaintiffs' allegations purporting to seek 'special damages' against JCI must be stricken because such pleading is improper under" Federal Rule of Civil Procedure 9(g).  (JCI Mot. at 19-20.)  According to JCI, "the FAC provides no information . . . on special damages apart from generally seeking them."  (JCI Reply at 19.)  However, Plaintiffs contend that, "because Plaintiffs sufficiently put JCI on notice with regards to the damages claimed," the object of Rule 9(g) has been satisfied.  (JCI Opp'n at 24.)

Under Federal Rule of Civil Procedure 9(g), "[i]f an item of special damage is claimed, it must be specifically stated.  Fed. R. Civ. P. 9(g).  Here, Plaintiffs assert only that "[a]s a result of Defendants' wrongful conduct . . . , Plaintiffs have incurred general and special damages in an amount not yet fully ascertained, but in excess of the jurisdictional minimum of this Court.  (FAC ¶¶ 78, 92, 111, 124.)  This allegation is insufficient under Rule 9(g) because it fails to provide any detail with regards to the special damages claimed.  *See Harris v. City of Seattle*, No. C02-2225P, 2003 WL 1045718, at *8 (W.D. Wash. Mar. 3, 2003) ("While many facts were included in the complaint, it is impossible to determine what the special damages alleged would consist of . . . .").

Accordingly, Plaintiffs' claim of special damages is STRICKEN, but with LEAVE TO AMEND.

### D.  Injunctive Relief (All Claims)

JCI next argues that Plaintiffs have failed (1) to seek injunctive relief against JCI in the claims for relief against JCI or (2) allege ongoing or imminent harm.  (JCI Mot. at 20.)  Accordingly, JCI requests that the Court strike Plaintiffs' prayer for injunctive relief against JCI.  (Id.)

Plaintiffs, however, specifically allege that they "are entitled to an order enjoining *Defendants* from illegally recording Plaintiffs."  (FAC ¶ 90 (emphasis added).)  While

---

**CIVIL MINUTES – GENERAL**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
    California et al.

_____

Plaintiffs also allege that injunctive relief is required to restrain and enjoin RUC
specifically from injuring Plaintiffs, paragraph 90 of the FAC nevertheless seeks to
enjoin all of the Defendants, which includes JCI.  (Id.)  Further, Plaintiffs have alleged
ongoing or imminent harm by suggesting that the audio recordings may not have ceased.
(*See* id. ¶ 22.)  Therefore, the Court will not strike Plaintiffs' prayer for injunctive relief
against JCI.

Accordingly, the Court DENIES JCI's Motion to the extent JCI has moved to
strike Plaintiffs' prayer for injunctive relief against JCI.

### E.  The Wiretap Act - 18 U.S.C. § 2520 (Claim 1)

JCI and the UC Defendants both move to dismiss Plaintiffs' 18 U.S.C. § 2520
claim.

18 U.S.C. § 2520 provides a civil cause of action for "any person whose wire, oral,
or electronic communication is intercepted, disclosed, or intentionally used in violation of
this chapter."  18 U.S.C. § 2520(a).  Under 18 U.S.C. § 2511(1)(a), it is unlawful to
"intentionally intercept[], endeavor[] to intercept, or procure[] any other person to
intercept or endeavor to intercept, any wire, oral or electronic communication."  18
U.S.C. § 2511(1)(a).  Further, it is unlawful for a person to "intentionally manufacture[],
assemble[], possess[], or sell[] any electronic, mechanical, or other device, knowing or
having reason to know that the design of such device renders it primarily useful for the
purpose of the surreptitious interception of wire, oral, or electronic communications."  18
U.S.C. § 2512(1)(b).  However, the Wiretap Act states that it is not unlawful for "a
provider of wire or electronic communication service or an officer, agent, or employee of,
or a person under contract with, such a provider, in the normal course of the business of
providing that wire or electronic communication service . . . to send through the mail,
send or carry in interstate or foreign commerce, or manufacture, assemble, possess, or
sell any electronic, mechanical, or other device knowing or having reason to know that
the design of such device renders it primarily useful for the purpose of the surreptitious
interception of wire, oral, or electronic communications.  18 U.S.C. § 2512(2).

_____

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
        California et al.

## 1. JCI

As an initial matter, JCI argues that 18 U.S.C. § 2520 does not provide a cause of
action against aiders and abettors.  (JCI Mot. at 6.)  In their opposition to JCI's Motion,
Plaintiffs did not oppose JCI's argument that it cannot be held liable on an aiding and
abetting theory.  (*See also* JCI Reply at 1 n.1.)  Nonetheless, "§ 2520(a) does not provide
a cause of action against aiders and abettors."   *In re Toys R Us, Inc., Privacy Litig.*, No.
00-CV-2746, 2001 WL 34517252, at *7 (N.D. Cal. Oct. 9, 2001).  Accordingly, Plaintiffs
may not proceed against JCI on an aiding and abetting theory.  The Court therefore must
determine whether Plaintiffs have sufficiently pleaded a Wiretap Act claim against JCI on
a basis other than an aiding and abetting theory of liability.

JCI claims that the Wiretap Act "expressly states that installation does not make
the installer liable."  (JCI Mot. at 5 (citing 18 U.S.C. § 2512(2).)  JCI contends that JCI
simply installed the recording system because the government hired it to do so, and thus
it cannot be held liable under the Wiretap Act.  (Id.)  Alternatively, JCI argues that a
violation of the Wiretap Act requires that JCI's alleged activity be done "intentionally,"
but that Plaintiffs have failed to plead any facts to support this element of the claim and
make only naked assertions and legal conclusions that fail under *Twombly/Iqbal*.  (JCI
Mot. at 6-7.)  According to JCI, "it cannot be inferred merely from the lawful act of
installing the system that JCI had an improper purpose in doing so."  (JCI Mot. at 5.)

Plaintiffs, on the other hand, argue that the FAC alleges that JCI was a "direct and
intentional participant" in the alleged recordings of Plaintiffs confidential
communications and that JCI's conduct "went far beyond that of a mere installer."  (JCI
Opp'n at 5.)  For example, Plaintiffs argue that they have sufficiently pleaded a Wiretap
Act violation against JCI because they allege that JCI concealed the recordings from
Plaintiffs, had an illegal purpose, and deleted the audio recordings in concert with the
other Defendants.  (Id.)

Plaintiffs have alleged that JCI installed a "surreptitious network of advanced
audio/video recording devices" at the UC Irvine Police Department Building.  (FAC

**CIVIL MINUTES – GENERAL**

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                          Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
        California et al.
=====================================================================

¶ 16.)  The FAC asserts that JCI installed and maintained the recording system, enabled
and used the audio recording feature, and instructed the UC Defendants on how to use the
system.  (Id. ¶ 9.)  Further, Plaintiffs claim that JCI installed the listening devices to
record private communications without Plaintiffs' knowledge or consent and was "a
direct participant in the audio recording scheme."  (Id. ¶ 18.)  However, contrary to
Plaintiffs' contentions, the FAC can be read as asserting that JCI "went far beyond
that of a mere installer."  (JCI Opp'n at 5.)  Other than the conclusory allegation that JCI
was a "direct and intentional participant" in the alleged recording scheme and conclusory
remarks concerning JCI's role in installing the audio recording devices at the UC Irvine
Police Department, nothing in the FAC suggests that JCI acted intentionally or as
anything other than a mere installer.[3]  As a result, not only have Plaintiffs failed to satisfy
the intentionality requirement of 18 U.S.C. § 2511(1)(a), but Plaintiffs' allegations also
fail to show that JCI is not entitled to the exception found in 18 U.S.C. § 1512(2).

        Accordingly, the Court GRANTS JCI's Motion to the extent JCI has moved to
dismiss Plaintiffs' first claim.  Plaintiffs' Wiretap Act claim against JCI therefore is
DISMISSED WITHOUT PREJUDICE.

## 2.  UC Defendants

### a)  RUC and Henisey in His Official Capacity

        The UC Defendants argue that this claim should be dismissed as to RUC and
Henisey in his official capacity because RUC is a state entity and not a "person" within
the meaning of the Wiretap Act.  (UC Mot. at 5.)  The UC Defendants claim that, under
the plain text of 18 U.S.C. § 2511(a), the Wiretap Act does not extend to governmental
units such as RUC.  (Id. at 6.)  Additionally, they argue that 18 U.S.C. § 2520(a) does not

_____
        [3] The allegations concerning JCI's role in the subsequent destruction of audio recordings is
not only cursory and conclusory, but also does not relate to any alleged "interception" of
communications that the Wiretap Act makes unlawful.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015

Title: Federated University Police Officers' Association et al. v. The Regents of the University of
       California et al.

demonstrate a "clear and unequivocal" intent to extend liability to government entities
such as RUC because "[a]lthough the term 'entity' was added to Section 2520, the
definition of 'person' contained in section 2510(b) specifically applies to the entire
chapter, and remains unchanged, even after the modification of section 2520."  (UC
Reply at 2-3.)  According to the UC Defendants, "[a]s a constitutionally created branch of
state government [under article IX, section 9 of the California Constitution], RUC is
nothing other than a governmental entity."  (UC Reply at 1-2.)  Finally, the UC
Defendants argue that a claim against an employee of RUC in his or her official capacity
is also considered a suit against RUC.  (UC Reply at 4.)  Plaintiffs, however, claim that,
"[b]ased on its status as a corporation, RUC is actually a 'person' within the meaning of
the statute, and thus may be held civilly liable.  (UC Opp'n at 6.)

          18 U.S.C. § 2520 provides a civil cause of action for "any person whose wire, oral,
or electronic communication is intercepted, disclosed, or intentionally used in violation of
this chapter."  18 U.S.C. § 2520(a).  The aggrieved party may sue "the *person or entity*,
other than the United States, which engaged in that violation."  Id. (emphasis added).
"Person" is defined as "any employee, or agent of the United States or any State or
political subdivision thereof, and any individual, partnership, association, joint stock
company, trust, or corporation."  18 U.S.C. § 2510(6).

          The statute originally provided for recovery against only "the person" who
violated the Wiretap Act.  *See Seitz v. City of Elgin*, 719 F.3d 654, 656 (7th Cir.) *cert.
denied sub nom. Seitz v. City of Elgin, Ill.*, 134 S. Ct. 692, 187 L. Ed. 2d 551 (2013)
(providing a detailed discussion and analysis of the scope of the Wiretap Act and whether
municipalities can be held liable under its provisions).  Thus, under the original statute's
language and the definition of "person," governmental units themselves clearly would be
excluded from the definition of "person."  *Seitz*, 719 F.3d at 656.  In 1986, however,
Congress extended the cause of action to any "person or entity" committing a violation.
*Id.*; 18 U.S.C. § 2520(a).  Further, in 2001, the PATRIOT Act added the phrase "other
than the United States."  *Id.*  Plaintiffs contend that the 1986 and 2001 amendments to 18
U.S.C. § 2520 brought municipalities within the scope of the Wiretap Act by expressing

**CIVIL MINUTES – GENERAL**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
       California et al.

Congress' intent to extend liability to governmental units such as RUC.  (UC Opp'n at 6-
8.)

Some courts have found municipalities amenable to suit under 18 U.S.C. § 2520
for the Wiretap Act.  *See Seitz*, 719 F.3d at 657 (citing cases).  Plaintiffs rely heavily on
*Adams v. City of Battle Creek*, 250 F.3d 980 (6th Cir. 2001), which held that
municipalities are generally amenable to suit under 18 U.S.C. § 2520.  *Id.* at 985-86.
However, in 2013, the Seventh Circuit engaged in a more detailed analysis of the various
provisions of the Wiretap Act and found that, even though "entity" as used in § 2520
includes government units, § 2520 does not provide a cause of action against
municipalities because § 2520 itself creates no substantive rights.  *Seitz*, 719 F.3d at 657.
As the *Seitz* court explained, § 2520 "simply provides a cause of action to vindicate rights
identified in other portions of the [Wiretap Act], specifically communications
'intercepted, disclosed, or intentionally used *in violation of this chapter*.'"  *Id.* (citing 18
U.S.C. § 2520(a)) (emphasis in original).  *Seitz* therefore held that "§ 2511(1) protects
only against actions taken by a "person" as defined in the statute, which does not include
municipalities."  *Id.* at 658.  Thus, the Seventh Circuit concluded that, "even though
'entity' includes government units, § 2520 provides no cause of action against a
municipality for violations of § 2511(1) because nothing in the 1986 amendments altered
the scope of the substantive violation by expanding it beyond 'persons' as defined in the
[Wiretap Act]."  *Id.*

The Court finds the Seventh Circuit's reasoning in *Seitz* convincing.  Accordingly,
this Court adopts *Seitz*'s holding that § 2520 provides no cause of action against a
municipality for violations of § 2511(1).  Here, RUC is "a constitutionally created arm of
the state."  *Regents of Univ. of California v. City of Santa Monica*, 77 Cal. App. 3d 130,
135, 143 (1978).  Further, Cal. Gov. Code § 811.2 defines "public entity" as including
"the state [and] the Regents of the University of California."  Cal. Gov't Code § 811.2.
Thus, RUC is immune from suit under the Wiretap Act.  And to the extent that Plaintiffs
have sued Henisey in his official capacity, Henisey cannot be held liable under the
Wiretap Act because he is an employee of RUC.  *See Hafer v. Melo*, 502 U.S. 21, 27
(1991) ("State officers sued for damages in their official capacity are not 'persons' for

---

**CIVIL MINUTES – GENERAL**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                              Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
       California et al.
_____

purposes of the suit because they assume the identity of the government that employs
them.").

Accordingly, the Court GRANTS the UC Defendants' Motion to the extent that
UC Defendants' have moved to dismiss Plaintiffs' first claim against RUC and Henisey
in his official capacity.  Plaintiffs' claim for violations of the Wiretap Act as asserted
against RUC and Henisey in his official capacity therefore is DISMISSED WITH
PREJUDICE.

### b)  Henisey and Hutchison in Their Individual Capacities

In regards to Plaintiffs' Wiretap Act claim against Henisey and Hutchison in their
individual capacities, the UC Defendants argue that "Plaintiffs fail to plead sufficient
facts to support the Wiretap Act's requirement of intentional conduct," and that the
FAC's conclusory statements and legal allegations are insufficient.  (UC Mot. at 9-10.)
The UC Defendants claim that Plaintiffs have failed to allege "that the UC Defendants
purchased and installed the new video recording system with the conscious purpose and
intent of intercepting Plaintiffs' confidential oral communications" or that the "audio
recording was intentional, as opposed to inadvertent."  (Id. at 10.)  Further, according to
the UC Defendants, "Plaintiffs' general allegations regarding the UC Defendants'
knowledge of the precise nature of the alleged advanced recording attributes fail to
establish intent."  (UC Reply at 5.)  Finally, the UC Defendants argue that "allegations
that the UC Defendants deleted recordings do not establish that the UC Defendants acted
intentionally."  (Id. at 6.)

Plaintiffs, however, allege that the individual UC Defendants "specifically
requested that the listening devices installed at the UC Irvine Police Department have
audio recording capabilities" and "specifically requested that [JCI] install the data cable
lines from the Dispatch Center to the individual Business Manager's office so that the
recordings made by the audio/video recording devices could be viewed and listened to
outside of common areas available to general staff."  (FAC ¶¶ 32, 35.)  Further, Plaintiffs
assert that all of the UC Defendants "intentionally intercepted, disclosed, or intentionally

_____

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
      California et al.

used" audio recordings of Plaintiffs' confidential communications and transmitted them
by cable or wire.  (Id. ¶¶ 16, 23).  Taking these allegations as true, as the Court must do at
the motion to dismiss stage, Plaintiffs have provided sufficient factual allegations to
support the inference that the recordings were not inadvertent.  Therefore, the Court finds
that Plaintiffs have alleged adequately that the individual UC Defendants acted
intentionally.

      Accordingly, to the extent the UC Defendants have moved to dismiss Plaintiffs'
Wiretap Act claim as asserted against Henisey and Hutchison in their individual
capacities, the UC Defendants' Motion is DENIED.

### F.  California Invasion of Privacy Act ("CIPA") - Cal. Penal Code § 637.2 (Claim 3)

      JCI and the UC Defendants next move to dismiss Plaintiffs' CIPA claim.
      CIPA imposes liability on "[e]very person who, intentionally and without the
consent of all parties to a confidential communication, by means of any electronic
amplifying or recording device, eavesdrops upon or records the confidential
communication."  Cal. Penal Code § 632(a).  "[T]he recording of a confidential
conversation is intentional if the person using the recording equipment does so with the
purpose or desire of recording a confidential conversation, or with the knowledge to a
substantial certainty that his use of the equipment will result in the recordation of a
confidential conversation."  *Marich v. MGM/UA Telecomms., Inc.*, 113 Cal. App. 4th
415, 421 (2003) (internal quotation marks and citation omitted).  Further, Cal. Penal
Code. § 635(a) imposes liability on "[e]very person who manufactures, assembles, sells,
offers for sale, advertises for sale, possesses, transports, imports, or furnishes to another
any device which is primarily or exclusively designed or intended for eavesdropping
upon the communication of another."  Cal. Penal Code § 635(a).  However, liability
under Cal. Penal Code § 635 cannot be imposed on "[a] person engaged in selling devices
. . . for use by, or resale to, . . . state, county, or municipal law enforcement agencies.
Cal. Penal Code § 635(b)(1)(C).

**CIVIL MINUTES – GENERAL**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
          California et al.

_____

## 1.  JCI

JCI argues that Plaintiffs' third claim fails because CIPA expressly excludes
vendor liability.  (JCI Mot. at 9.)  Alternatively, JCI contends that "Plaintiffs fail to allege
a factual basis as to how JCI acted intentionally," which is required under the statute.
(JCI Mot. at 10.)  According to JCI, the fact that "JCI lawfully installed the system does
not provide a basis to infer that JCI did so intending to eavesdrop unlawfully."  (Id.)
Plaintiffs argue, however, that they "specifically allege JCI did much more than merely
sell and install the recording system."  (JCI Opp'n at 10.)

As discussed above in regards to Plaintiffs' Wiretap Act claim, Plaintiffs have
alleged that JCI installed a "surreptitious network of advanced audio/video recording
devices" at the UC Irvine Police Department Building.  (FAC ¶ 16.)  The FAC asserts
that JCI installed and maintained the recording system, enabled and used the audio
recording feature, and instructed the UC Defendants on how to use the system.  (Id. ¶ 9.)
Further, Plaintiffs claim that JCI installed the listening devices to record private
communications without Plaintiffs' knowledge or consent and was "a direct participant in
the audio recording scheme."  (Id. ¶ 18.)  However, the FAC cannot be read as asserting
that JCI "did much more than merely sell and install the recording system."  (JCI Opp'n
at 10.)  Other than the conclusory allegation that JCI was a "direct and intentional
participant" in the alleged recording scheme and conclusory remarks concerning JCI's
role in installing the audio recording devices at the UC Irvine Police Department, nothing
in the FAC suggests that JCI acted as anything other than a seller and installer to a law
enforcement agency or acted intentionally in eavesdropping on/recording Plaintiffs'
confidential communications.[4]  As a result, Plaintiffs have failed to assert a claim under

_____

[4] Once again, the allegations concerning JCI's role in the subsequent destruction of audio
recordings is not only cursory and conclusory, but also does not relate to any alleged
"eavesdropping" or "recording" of confidential communications that CIPA makes unlawful.

_____

**CIVIL MINUTES – GENERAL**

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
         California et al.
_____

§ 632 or allege adequately that JCI is not entitled to the exception found in
§ 635(b)(1)(C).

Accordingly, the Court GRANTS JCI's Motion to the extent JCI has moved to
dismiss Plaintiffs' third claim.  Plaintiffs' CIPA claim against JCI therefore is
DISMISSED WITHOUT PREJUDICE.[5]

## 2.  The Individual UC Defendants

### a)  Intentional Conduct

According to the individual UC Defendants, Plaintiffs have failed to plead
adequately the requisite intentional conduct to state a claim under CIPA.  (UC Mot. at 11-
12.)  The individual UC Defendants also argue that CIPA "does not address the deletion
of recording [sic] of confidential communications.  As such, Plaintiffs' allegations that
the UC Defendants deleted recordings do not establish the essential element of intentional
conduct."  (UC Reply at 8.)  Plaintiffs, however, contend that their "specific allegations
demonstrate the individual UC Defendants not only acted intentionally but also sought to
conceal their wrongful conduct, thereby further demonstrating their consciousness of
wrongdoing."  (UC Opp'n at 10.)

As discussed above in regards to Plaintiffs' Wiretap Act claim, Plaintiffs allege
that the individual UC Defendants "specifically requested that the listening devices
installed at the UC Irvine Police Department have audio recording capabilities" and
"specifically requested that [JCI] install the data cable lines from the Dispatch Center to
the individual Business Manager's office so that the recordings made by the audio/video
recording devices could be viewed and listened to outside of common areas available to

_____
[5] Because the Court has dismissed Plaintiffs' CIPA claim against JCI on alternative grounds,
the Court need not address here the parties' arguments regarding whether CIPA provides for
aiding and abetting liability, (JCI Mot. at 10; JCI Opp'n at 11; JCI Reply at 10-11), or whether
Plaintiffs had a reasonable expectation of privacy in the allegedly confidential communications.
(JCI Mot. at 11; JCI Opp'n at 15; JCI Reply at 13.)
_____

**CIVIL MINUTES – GENERAL**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                           Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
        California et al.

general staff."  (Id. ¶¶ 32, 35.)  Further, Plaintiffs assert that all of the UC Defendants "intentionally intercepted, disclosed, or intentionally used" audio recordings of Plaintiffs' confidential communications and transmitted them by cable or wire.  (Id. ¶¶ 16, 23). Finally, Plaintiffs allege that "this illegal scheme was done at the direction of" the individual UC Defendants."  (Id. ¶ 106.)  As a result, taking these allegations as true, Plaintiffs have alleged sufficiently that the individual UC Defendants acted intentionally.

     The Court therefore finds that Plaintiffs have pled adequately the requisite intentionality under § 632(a).

### b)  Confidential Communication

     The individual UC Defendants, however, further argue that Plaintiffs' "CIPA claim is defective for the additional reason that Plaintiffs have failed to plead facts sufficient to establish the recording of a 'confidential communication.'"  (UC Mot. at 12.) According to the individual UC Defendants, "Plaintiffs plead no facts showing that based on the operational realities of their workplace at the police department they had a reasonable expectation of privacy in their conversations."  (Id. at 12-13.)  The individual UC Defendants claim that "the mere fact that the locations are not open [to] the public do not render them automatically private," because "[i]t is the circumstances surrounding the conversation and not the substance of the conversation that determines whether Plaintiffs' expectation of privacy is objectively reasonable."  (UC Reply at 9-10 (italics omitted).)  Plaintiffs, on the other hand, argue that "this Court cannot hold as a matter of law that no inferences of an objectively reasonable expectation of privacy can be drawn from the FAC."  (UC Opp'n at 12.)

     Under CIPA, "[e]very person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device . . . records the confidential communication" violates CIPA.  Cal. Penal Code § 632(a).  "The term 'confidential communication' includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a

_____

**CIVIL MINUTES – GENERAL**

20

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
California et al.

_____

communication made in a public gathering . . . or in any other circumstance in which the
parties to the communication may reasonably expect that the communication may be
overheard or recorded."  Cal. Penal Code § 632(c).  "The California Supreme Court has
concluded that a conversation is confidential within the meaning of Section 632 'if a
party to that conversation has an objectively reasonable expectation that the conversation
is not being overheard or recorded.'"  *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017,
1019 (9th Cir. 2013) (citing *Kearney v. Salomon Smith Barney, Inc.* 39 Cal. 4th 95, 117
n.7 (2006)).  "The standard of confidentiality is an objective one defined in terms of
reasonableness.  *Id.* (internal quotation marks and citation omitted).

 "An established regulatory scheme or specific office practice may, under some
circumstances, diminish an employee's reasonable expectation of privacy."  *United States
v. McIntyre*, 582 F.2d 1221, 1224 (9th Cir. 1978).  However, "[a] police officer is not, by
virtue of his profession, deprived of the protection[s] of the Constitution" or privacy
statutes.  *Id.*  "To prevail against the Rule 12(b)(6) motion, then, [Plaintiffs] have to
allege facts that would lead to the plausible inference that [there] was a confidential
communication—that is, a communication that he had an objectively reasonable
expectation was not being recorded."  *Faulkner*, 706 F.3d at 1020.  "Whether a
reasonable expectation of privacy is violated by such recording depends on the exact
nature of the conduct and all the surrounding circumstances."  *Sanders v. Am. Broad.
Cos., Inc.*, 20 Cal. 4th 907, 911 (1999).

 Here, Plaintiffs have pled facts that plausibly show that Plaintiffs had a reasonable
expectation of privacy in their conversations at the UC Irvine Police Department.
Plaintiffs have specifically alleged that Defendants recorded multiple conversations "that
could not have been heard by other individuals without the hidden recording devices."
(FAC ¶ 21.)  Plaintiffs claim that "Defendants affirmatively concealed the fact from
Plaintiffs . . . that these devices were actively audio recording" their conversations and
that the system had "advanced audio recording capabilities capable of penetrating
building walls."  (Id. ¶ 22.)  The audio recording devices allegedly "are highly advanced
in their recording capabilities and are able to amplify recordings past those normally
perceptible by standard audio recording."  (Id. ¶ 100.)  Plaintiffs also claim that they had

_____

**CIVIL MINUTES – GENERAL**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
     California et al.

a reasonable expectation of privacy in these conversations because these
"communications were made in non-public areas such as offices, hallways, bathrooms
and other locations" and because "Plaintiffs engaged in these conversations when no one
was in the immediate area and Plaintiffs did not speak in a loud tone of voice."  (Id. ¶ 29.)
Further, Plaintiffs allege that the recording devices were strategically placed throughout
the UC Irvine Police Department to record the communications in rooms where Plaintiffs
reasonably believed conversations could not be overheard. (*See* id. ¶¶ 24, 25, 28, 29.)
Finally, Plaintiffs allege that Defendants recorded a variety of communications, including
private conversations concerning financing of mortgages, loans, and class members'
private financial condition; specific medical treatments and medical history; meetings
between union attorneys and their clients regarding their internal affairs investigations;
union working conditions, concerted activities, and grievances involving their
memorandum of understanding and other bargaining matters; marriages and child care.
(Id. ¶ 30.)  Despite the UC Defendants' arguments to the contrary, if the Court accepts as
true all allegations of material facts in the FAC and construes all inferences in the light
most favorable to Plaintiffs, Plaintiffs have pled facts sufficient to establish the recording
of a confidential communication and that they had a reasonable expectation of privacy in
these confidential communications.

     Accordingly, to the extent that the UC Defendants' have moved to dismiss
Plaintiffs' CIPA claim as asserted against Henisey and Hutchison in their individual
capacities, the motion is DENIED.

## G.  Invasion of Privacy – Intrusion (Claim 4)

     JCI and the UC Defendants next move to dismiss Plaintiffs' common law intrusion
claim.

     "A privacy violation based on the common law tort of intrusion has two elements.
First, the defendant must *intentionally* intrude into a place, conversation, or matter as to
which the plaintiff has a reasonable expectation of privacy.  Second, the intrusion must
occur in a manner highly offensive to a reasonable person.  *Hernandez v. Hillsides, Inc.*,

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015

Title: Federated University Police Officers' Association et al. v. The Regents of the University of
       California et al.

47 Cal. 4th 272, 286 (2009) (emphasis added).  "The elements of both the statutory invasion of privacy and common law invasion of privacy include *intentional* conduct." *Marich*, 113 Cal. App. 4th at 421.  "[T]he recording of a confidential conversation is intentional if the person using the recording equipment does so with the purpose or desire of recording a confidential conversation, or with the knowledge to a substantial certainty that his use of the equipment will result in the recordation of a confidential conversation." *Id.* (internal quotation marks and citation omitted).

### 1.  JCI

JCI argues that Plaintiffs' fourth cause of action for intrusion fails because the tort of intrusion requires an intentional intrusion into an individual's privacy, yet Plaintiffs have failed to plead facts sufficient to show that JCI acted with the requisite intent.  (JCI Mot. at 12.)  JCI contends that "Plaintiffs have identified no possible motive for a vendor such as JCI to have such a nefarious intent as to individuals in the police station."  (Id. at 13.)

Once again, Plaintiffs have failed to allege the requisite intentional conduct.  Other than the conclusory allegation that JCI was a "direct and intentional participant" in the alleged recording scheme, and conclusory remarks concerning JCI's role in installing the audio recording devices at the UC Irvine Police Department, nothing in the FAC suggests that JCI acted intentionally.  Therefore, Plaintiffs have failed to allege adequately that JCI used the recording equipment with the purpose or desire of recording Plaintiffs' confidential conversations, or with the knowledge to a substantial certainty that the use of the equipment would result in the recordation of confidential conversations.

Accordingly, the Court GRANTS JCI's Motion to the extent JCI has moved to dismiss Plaintiffs' fourth claim.  Plaintiffs' intrusion claim against JCI therefore is DISMISSED WITHOUT PREJUDICE.

### 2.  UC Defendants

**CIVIL MINUTES – GENERAL**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
        California et al.

### a)  Damages

        First, the UC Defendants contend that, though the California Constitution provides
a cause of action for invasion of privacy, Plaintiffs' request for damages based on this
claim should be dismissed because the California Constitution does not afford a right to
damages.  (UC Reply at 10.)  The UC Defendants also argue that punitive damages are
not an available remedy against a public entity such as RUC under Cal. Gov't Code
§ 818.  (Id.)

        The California Constitution provides a cause of action for invasion of privacy
against both private and government entities.  *Hill v. Nat'l Collegiate Athletic Ass'n*, 7
Cal. 4th 1, 20 (1994).  However, "[a]lthough citizens have a private cause of action
against public entities for violation of the right to privacy, no case has ever held that
California Constitution, article I, section 1, imposes a mandatory duty on public entities
to protect a citizen's right to privacy.  The constitutional mandate is simply that the
government is prohibited from violating the right; if it does, an aggrieved citizen may
seek an injunctive remedy in court."  *Clausing v. San Francisco Unified School District*,
221 Cal. App. 3d 1224, 1238 (1990); *see also Katzberg v. Regents of Univ. of California*,
29 Cal. 4th 300, 314-15 (2002) (explaining that in *Clausing* the court "concluded that the
privacy provision affords only a right to injunctive relief and does not afford a right to
damages").  Further, "a public entity is not liable for . . . damages imposed primarily for
the sake of example and by way of punishing the defendant."  Cal. Gov. Code § 818.  As
a result, Plaintiffs may seek injunctive relief only under Plaintiffs' fourth cause of action
because the privacy provision of the California Constitution does not afford a right to
damages.  In addition, Plaintiffs are not permitted to seek punitive damages against RUC
under Cal. Gov. Code § 818.  (*See* FAC ¶¶ 93, 126; id. at 35 ¶ I),

        Accordingly, the Court STRIKES Plaintiffs' request for damages to the extent that
it is based on Plaintiffs' invasion of privacy claim and STRIKES any request for punitive
damages against RUC found in the FAC.

### b)  Substantive Liability

---

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
       California et al.

"A privacy violation based on the common law tort of intrusion has [multiple] elements.  First, the defendant must intentionally intrude into a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy.  [Additionally], the intrusion must occur in a manner highly offensive to a reasonable person."  *Hernandez*, 47 Cal. 4th at 286.  "[T]he plaintiff must show the defendant penetrated some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about, the plaintiff.  The tort is proven only if the plaintiff had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source."  *Sanders*, 20 Cal. 4th at 914-15 (internal quotation marks and citation omitted).  The UC Defendants argue that Plaintiffs' intrusion claim should be dismissed because Plaintiffs fail to plead facts that demonstrate (1) that the UC Defendants intentionally intruded into their privacy, (2) that Plaintiffs had a reasonable expectation of privacy in conversations occurring in and around the UC Irvine Police Department, or (3) that the UC Defendants intruded into Plaintiffs' privacy or used the alleged recordings in a manner highly offensive to a reasonable person.  (UC Mot. at 16-19.)  The Court will address each of the UC Defendants' substantive liability arguments in turn.

### i.    Intentional Conduct

The UC Defendants first contend that "Plaintiffs fail to plead facts plausibly showing that the UC Defendants acted with the requisite intent to intrude into Plaintiffs' privacy."  (UC Mot. at 17.)  This argument fails, however, for the same reasons the Court has found that Plaintiffs have pleaded adequately intentional conduct in regards to their Wiretap Act and CIPA claims.  *See Hernandez*, 47 Cal. 4th at 287 ("The right to privacy in the California Constitution sets standards similar to the common law tort of intrusion.").

Accordingly, the Court will not dismiss Plaintiffs' common law privacy claim on this basis.

**CIVIL MINUTES – GENERAL**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
          California et al.

## ii.    Reasonable Expectation of Privacy

The UC Defendants next contend that "Plaintiffs fail to plead facts plausibly
showing that Plaintiffs had a reasonable expectation of privacy in conversations
occurring in and around the UCI P[olice Department]."  (UC Mot. at 17.)

"[T]he reasonableness of privacy expectations [is linked] to such factors as (1) the
identity of the intruder, (2) the extent to which other persons had access to the subject
place, and could see or hear the plaintiff, and (3) the means by which the intrusion
occurred."  *Hernandez,* 47 Cal. 4th at 287.  "[I]n the workplace, as elsewhere, the
reasonableness of a person's expectation of visual and aural privacy depends not only on
who might have been able to observe the subject interaction, but on the identity of the
claimed intruder and the means of intrusion."  *Sanders,* 20 Cal. 4th at 923.  "[T]here is a
difference between a public employee having a reasonable expectation of privacy in
personal conversations taking place in the workplace and having a reasonable expectation
that those conversations will not be intercepted by a device which allows them to be
overheard inside an office in another area of the building."  *Id.* at 918 (citing *Walker v.
Darby*, 911 F.2d 1573, 1579 (11th Cir. 1990)).

"[W]here the other elements of the intrusion tort are proven, the cause of action is
not defeated as a matter of law simply because the events or conversations upon which
the defendant allegedly intruded were not completely private from all other eyes and
ears."  *Id.* at 911.  "Privacy is not wholly lacking because the occupants of an office can
see one another, or because colleagues, supervisors, visitors, and security and
maintenance personnel have varying degrees of access."  *Hernandez,* 47 Cal. 4th at 291.
"There are degrees and nuances to societal recognition of our expectations of privacy: the
fact that the privacy one expects in a given setting is not complete or absolute does not
render the expectation unreasonable as a matter of law."  *Sanders,* 20 Cal. 4th at 916.

Here, Plaintiffs have pled facts plausibly showing that Plaintiffs had a reasonable
expectation of privacy in conversations at the UC Irvine Police Department.  Plaintiffs
have specifically alleged they "had a reasonable expectation of privacy . . . based upon
the fact that such communications were made in non-public areas such as offices,

_____

**CIVIL MINUTES – GENERAL**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
    California et al.

hallways, bathrooms, and other locations," because Plaintiffs "engaged in these conversations when no one was in the immediate area[,] and [because] Plaintiffs did not speak in a loud tone of voice."  (FAC ¶ 29.)  Further, Plaintiffs allege that the recording devices were strategically placed throughout the UC Irvine Police Department to record the communications in rooms where Plaintiffs reasonably believed conversations could not be overheard.  (Id. ¶¶ 24, 25, 28, 29.)  Finally, Plaintiffs allege Defendants recorded a variety of confidential communications, including private conversations concerning financing of mortgages, loans, and class members' private financial condition; specific medical treatments and medical history; meetings between union attorneys and their clients regarding their internal affairs investigations; union working conditions, concerted activities, and grievances involving their memorandum of understanding and other bargaining matters; marriages and child care.  (Id. ¶ 30.)  As a result, accepting as true all allegations of material facts in the FAC and construing all inferences in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have alleged adequately a reasonable expectation of privacy in their conversations that were allegedly recorded in and around the UCI Police Department.

    Accordingly, the Court will not dismiss Plaintiffs' common law privacy claim on this basis either.

### iii.    Highly Offensive to a Reasonable Person

    The UC Defendants also contend that "the facts alleged in Plaintiffs' fourth cause of action are insufficient to show that the UC Defendants intruded into the privacy of Lopez or any other identified person in a manner highly offensive to a reasonable person."  (UC Mot. at 17-18.)

    A plaintiff "must show more than an intrusion upon reasonable privacy expectations.  Actionable invasions of privacy also must be highly offensive to a reasonable person."  *Hernandez*, 47 Cal. 4th at 295 (internal citation and quotation marks omitted).  "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms

---

**CIVIL MINUTES – GENERAL**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
     California et al.

_____

underlying the privacy right."  *Hill*, 7 Cal. 4th at 37.  This element "essentially involves a 'policy' determination as to whether the alleged intrusion is 'highly offensive' under the particular circumstances.  *Hernandez*, 47 Cal. 4th at 287.

     Defendants are correct that Plaintiffs make the conclusory allegation that the "illegal intrusions in the privacy of Plaintiffs were highly offensive to a reasonable person."  (FAC ¶ 123.)  However, if the Court takes all of the FAC's factual allegations as true and construes all inferences in the light most favorable to Plaintiffs, as it must do at the motion to dismiss stage, Plaintiffs' allegation regarding the highly offensive nature of Defendants' alleged illegal intrusions is supported by the other allegations found throughout Plaintiffs' FAC.  As discussed in greater detail above, Plaintiffs have alleged that the UC Defendants installed recording devices that had the capabilities of capturing conversations through walls, that the devices recorded conversations in allegedly private areas such as bathrooms, and that confidential union communications and conversations covered by the attorney-client privilege were recorded without Plaintiffs' knowledge or consent.  Accordingly, at the motion to dismiss stage, Plaintiffs have alleged adequately that the alleged invasions of privacy would have been highly offensive to a reasonable person expecting such communications to be private and confidential.

     However, Plaintiffs also argue that "Plaintiffs' claim fails because they do not plead facts that the UC Defendants *used* the alleged recordings in a highly offensive manner."  (UC Reply at 12 (emphasis added).)  In *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986 (2011), the court stated that it had "found no case which imposes liability based on the defendant obtaining unwanted access to the plaintiff's private information which did not also allege that the *use* of plaintiff's information was highly offensive."  *Id.* at 993; *see also Sunbelt Rentals, Inc. v. Victor,* 43 F. Supp. 3d 1026, 1036 (N.D. Cal. 2014) (stating that "plaintiff must show that the *use* of plaintiff's information was highly offensive," and finding that "[t]he possibility that Sunbelt may have reviewed text messages sent to a cell phone which it owned and controlled—without more—is insufficient to establish an offensive use") (internal quotation marks and citation omitted).  As a result, in order to state a common law tort of intrusion claim, Plaintiffs must allege facts that plausibly suggest a highly offensive *use* of the alleged unlawful

_____

**CIVIL MINUTES – GENERAL**

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
      California et al.

recordings.  Yet, the FAC is devoid of any detail regarding Defendants' use of the
allegedly unlawful recordings.[6]

      Accordingly, because Plaintiffs have failed to allege adequately that the UC
Defendants used the alleged unlawful recordings in a highly offensive manner, the Court
GRANTS the UC Defendants' Motion to the extent the UC Defendants' have moved to
dismiss Plaintiffs' fourth claim.  Plaintiffs' intrusion claim against the UC Defendants
therefore is DISMISSED WITHOUT PREJUDICE.

## H. 42 U.S.C. § 1983 (Claim 2)

      JCI and the UC Defendants also have moved to dismiss Plaintiffs' § 1983 claim.

      Section 1983 "creates a cause of action against a person who, acting under color of
state law, deprives another of rights guaranteed under the Constitution.  Section 1983
does not create any substantive rights; rather it is the vehicle whereby plaintiffs can
challenge actions by governmental officials.  To prove a case under § 1983, the plaintiff
must demonstrate that (1) the action occurred 'under color of state law' and (2) the action
resulted in the deprivation of a constitutional right or federal statutory right."  *Jones v.
Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (quoting 42 U.S.C. § 1983).

---

    [6] Plaintiffs contended at the hearing that they adequately allege the requisite highly offensive
use of the recordings in paragraph 136 of the FAC, which states: "This ongoing irreparable harm
is certain and not speculative, and documented by the Defendants' December 2013 email from
Defendant Police Chief Paul Henisey both acknowledging that illegal audio recording was taking
place and then informing all parties of the deletion of the very evidence of the illegal recording."
(FAC ¶ 136.)  This allegation, however, fails to suggest a highly offensive use of the alleged
unlawful recordings, let alone provide any sort of detail on how Defendants may have used the
alleged unlawful recordings in any manner.

---

**CIVIL MINUTES – GENERAL**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
         California et al.

## 1.  JCI's Motion

JCI argues, relying on *Filarsky v. Delia*, 132 S.Ct. 1657 (2012), that "Plaintiffs'
allegations on their face exclude JCI from liability under 42 U.S.C. section 1983 because
JCI is immune as a contractor for the government."  (JCI Mot. at 8.)  JCI claims that
Plaintiffs' § 1983 claim fails because they simply have alleged that RUC directed and
controlled JCI's activities and that JCI's services and conduct were "inextricably
intertwined" with the UC Defendants' actions.  (Id. at 8-9.)  JCI argues that it "should not
be burdened with the threat of a 42 U.S.C. § 1983 action simply by contracting with the
police department to install audio/visual equipment at the police station and following
directions in that regard."  (JCI Reply at 5.)  Plaintiffs, however, argue that "JCI is not
immune from liability under section 1983 as a contractor" because *Filarski* is
inapplicable to the facts of this case.  (JCI Opp'n at 6-7.)

Further, Plaintiffs argue that, even if JCI is entitled to qualified immunity, "[a]ll of
the constitutional violations forming the basis of a section 1983 violation against JCI are
well established and JCI is alleged to have violated such rights in the FAC."  (JCI Opp'n
at 8-9.)  In response, JCI contends that the "mere existence of a statute, and even
knowledge of the statute's existence, does not mean that JCI should have known it was
violating it."  (JCI Reply at 7.)  Finally, JCI argues that it "was reasonable in its belief
that it acted lawfully based on the Wiretap Act provisions excluding an installer from
liability."  (JCI Reply at 8.)

Here, the portions of JCI's Motion and Reply regarding this claim focus
exclusively on the issue of qualified immunity.  However, the crux of JCI's argument is
that Plaintiffs' § 1983 claim fails because Plaintiffs simply allege that RUC directed and
controlled JCI's activities and that JCI's services and conduct were "inextricably
intertwined" with the UC Defendants' actions.  (*See, e.g.* JCI Mot. at 8-9.)  Though JCI
has not moved to dismiss Plaintiffs' § 1983 for failure to state a claim under
*Twombly/Iqbal* explicitly, the Court finds that the conclusory allegations asserted against
JCI in the FAC warrant dismissal.  *See, e.g. Wachtler v. Cnty. of Herkimer*, 35 F.3d 77,
82 (2d Cir. 1994) ("The district court has the power to dismiss a complaint sua sponte for

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                          Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
        California et al.

failure to state a claim, so long as the plaintiff is given notice and 'an opportunity to be
heard.") (internal quotation marks and citations omitted); *Puccio v. Town of Oyster Bay*,
229 F. Supp. 2d 173, 178 (E.D.N.Y. 2002) (dismissing Plaintiff's claim sua sponte for
failure to state a claim even though the defendant moved to dismiss the complaint on the
basis of qualified immunity because the Court found that the plaintiff failed to provide
any allegations supporting her equal protection claim).  Plaintiffs allege that JCI
"willfully participated and conspired" with the UC Defendants, that JCI's "actions were
inextricably intertwined with the actions of" the UC Defendants, that JCI "acted under
color of state law including but not limited to when it installed the recording equipment
system, maintained the system, enabled the audio recording feature, used the system and
instructed [the UC] Defendants how to use the system," and knowingly deleted the
recordings with the participation of the UC Defendants.  (FAC ¶ 89.)  As discussed
above, these allegations are legal conclusions and conclusory statements couched as
factual allegations.  Therefore, the Court finds that Plaintiffs have failed to state a claim
because Plaintiffs FAC fails to allege adequately that Defendants acted under color of
state law.

Accordingly, the Court GRANTS JCI's Motion to the extent JCI has moved to
dismiss Plaintiffs' second claim.  Plaintiffs' § 1983 claim against JCI therefore is
DISMISSED WITHOUT PREJUDICE.

## 2.  UC Defendants

The UC Defendants argue that Plaintiffs' § 1983 claim should be dismissed
against RUC and Chief Henisey in his official capacity because RUC is a state entity,
rather than a "person" within the meaning of the statute.  (UC Mot. at 13.)

### a)  RUC

In their opposition, Plaintiffs state that, "[a]fter further research Plaintiffs have
concluded that there may not be a viable claim under 42 U.S.C. section 1983 against

_____

**CIVIL MINUTES – GENERAL**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
        California et al.

_____

[RUC] as an arm of the State.  As such, Plaintiffs do not intend to further assert this cause
of action against [RUC]."  (UC Opp'n at 2 n.1.)

        Accordingly, the Court GRANTS the UC Defendants' Motion to the extent the
UC Defendants have moved to dismiss Plaintiffs' second claim as asserted against RUC.
Plaintiffs' § 1983 claim against RUC therefore is DISMISSED WITH PREJUDICE.

### b)  Henisey in His Official Capacity

        Plaintiffs, however, argue that the injunctive relief sought against Henisey in his
official capacity under § 1983 is proper under *Ex Parte Young*.  (UC Opp'n at 18-19.)

        Under *Ex Parte Young*, private individuals may sue state officials for prospective
declaratory or injunctive relief against ongoing violations of federal law.  *Verizon
Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002); *see also Ex
Parte Young*, 209 U.S. 123, 159-60 (1908) (holding that a suit challenging the
constitutionality of a state official's action is not against the State).  Here, Plaintiffs seek
injunctive relief against Henisey in his official capacity.  (*See* FAC ¶ 90.)  Further,
Plaintiffs allege that they currently do not know whether the audio recordings have
ceased.  (Id. ¶ 22.)  As a result, though Plaintiffs may not be entitled to recover monetary
damages from Henisey in his official capacity, there is no reason for the Court to dismiss
Plaintiffs' § 1983 claim against Henisey at this time.

        Accordingly, to the extent the UC Defendants move to dismiss Plaintiffs' § 1983
claim as asserted against Chief Henisey in his official capacity, the UC Defendants'
Motion is DENIED.

### c)  Henisey and Hutchison in Their Individual Capacities

        The UC Defendants have moved to dismiss Plaintiffs' § 1983 claims against
Henisey and Hutchison in their individual capacities for two reasons.

        First, the UC Defendants contend that Plaintiffs' § 1983 claim against them should
be dismissed because, though "[t]he statute plainly requires that there be an actual

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                           Date:  July 29, 2015

Title: Federated University Police Officers' Association et al. v. The Regents of the University of
   California et al.

connection or link between the actions of the Defendants and the deprivation alleged to
have been suffered by the Plaintiffs," Plaintiffs have failed to allege the requisite personal
involvement necessary to proceed with a personal liability claim under § 1983.  (UC Mot.
at 14.)  Plaintiffs, however, argue that the FAC sufficiently alleges that the individual UC
Defendants "were directly involved in the violation of Plaintiffs' constitutional rights and
as such are properly alleged to be liable to Plaintiffs under section 1983."  (UC Opp'n at
16.)

        As discussed above, Plaintiffs allege in their FAC that the UC Defendants
"intentionally intercepted, disclosed, or intentionally used" audio recordings of Plaintiffs'
confidential communications and transmitted them by cable or wire.  (FAC ¶¶ 16, 23)
Further, the FAC asserts that the individual UC Defendants "specifically requested that
the listening devices installed at the UC Irvine Police Department have audio recording
capabilities" and "specifically requested that [JCI] install the data cable lines from the
Dispatch Center to the individual Business Manager's office so that the recordings made
by the audio/video recording devices could be viewed and listened to outside of common
areas available to general staff."  (Id. ¶¶ 32, 35.)  Thus, despite the UC Defendants
contentions otherwise, the allegations in the FAC explicitly link the individual UC
Defendants to the alleged intentional interception, disclosure, or use of a confidential
communication.  Further, Plaintiffs' allegations, taken as true, establish the individual UC
Defendants' intent to intercept, disclose, or record Plaintiffs' communications.  (Id.)
Therefore, Plaintiffs have provided sufficient factual allegations to support the inference
that the individual UC Defendants violated Plaintiffs' constitutional or federal statutory
rights.

        Second, the UC Defendants contend that, "even accepting Plaintiff's [sic]
allegations as true, th[e FAC] is insufficient to state a Fourth Amendment claim because
Plaintiffs have failed to allege facts showing that the individual defendants intentionally
directed audio recordings in areas where there was a reasonable expectation of privacy."
(UC Reply at 7.)  However, as discussed in detail above, if the Court accepts as true all
allegations of material facts in the FAC and construes all inferences in the light most

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                    Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
        California et al.
_____

favorable to Plaintiffs, Plaintiffs have sufficiently alleged the requisite intentionality and
a reasonable expectation of privacy in their communications.

Accordingly, the UC Defendants' motion to dismiss in regards to Plaintiffs'
§ 1983 claims as asserted against Henisey and Hutchison in their individual capacities is
DENIED.

## I.  Writ of Mandamus – 28 U.S.C. § 1651 (Claim 5)

The UC Defendants argue that, because Defendants' removal of this action to
federal court necessitates that Plaintiffs' FAC be construed according to federal law,
Federal Rule of Civil Procedure 81, which abolishes writs of mandamus, applies.  (UC
Mot. at 19.)  Further, the UC Defendants argue that, "[b]ecause Plaintiffs are not seeking
correction of a district court error, their Fifth Cause of Action for a writ of mandamus
should be dismissed."  (UC Reply at 13-14.)

Plaintiffs, on the other hand, argue that "[t]he All Writs Act empowers district
courts to issue writ relief in much the same manner that it authorizes appellate courts to
issue such relief."  (UC Opp'n at 19 (citing 28 U.S.C. § 1651(a)).)  Plaintiffs contend that
"[t]he destruction of what evidence remains will constitute irreparable harm to Plaintiffs
and is not speculative – [a] part of the irreparable harm has already occurred and the UC
Defendants have already demonstrated their willingness to willfully destroy evidence to
frustrate Plaintiffs' claims against them."  (Id. at 20.)  The UC Defendants, however,
respond that Plaintiffs' claim of irreparable harm is too speculative to establish the
exceptional circumstances necessary to state a claim for a writ of mandamus.  (UC Reply
at 14.)

28 U.S.C. § 1651 provides that "[t]he Supreme Court and all courts established by
Act of Congress may issue all writs necessary or appropriate in aid of their respective
jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).
"The remedy of mandamus is a drastic one, to be involved only in extraordinary
situations."  *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654 (9th Cir. 1977).  "[T]he writ
has traditionally been used in the federal courts only to confine an inferior court to a

_____
**CIVIL MINUTES – GENERAL**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                          Date:  July 29, 2015
Title: Federated University Police Officers' Association et al. v. The Regents of the University of
California et al.

_____

lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when
it is its duty to do so."  *Id.* (internal quotation marks and citations omitted).

      Here, other than alleging that Defendants deleted the alleged recordings and that
Plaintiffs currently do not know whether the audio recordings have ceased, Plaintiffs
have failed to allege any facts to establish the requisite extraordinary circumstances to
warrant relief under the All Writs Act.  *See id.* at 654-55.  Therefore, even assuming that
this Court, as a district court, could issue a writ of mandamus under 28 U.S.C. § 1651,
Plaintiffs' FAC and briefing fails to show that the facts of this case present the necessary
"drastic," "exceptional," and "extra-ordinary" circumstances for this Court to issue writ
relief.  *See also California Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir.
1985).

      Accordingly, the Court GRANTS the UC Defendants' Motion to the extent the
UC Defendants have moved to dismiss Plaintiffs' fifth claim.  The Court therefore
DISMISSES WITH PREJUDICE Plaintiffs' writ of mandamus claim against RUC.


## IV.    CONCLUSION

      For the foregoing reasons, JCI's Motion is GRANTED in part and DENIED in
part.  Plaintiffs' claim of special damages is STRICKEN, but with LEAVE TO AMEND.
All claims asserted against JCI are DISMISSED WITHOUT PREJUDICE.

      The Court also GRANTS in part and DENIES in part the UC Defendants' Motion.
Plaintiffs' common law intrusion claim against RUC is DISMISSED WITHOUT
PREJUDICE.  Plaintiffs' remaining claims against RUC are DISMISSED WITH
PREJUDICE.  Plaintiffs' common law intrusion claim against Henisey in his official
capacity is DISMISSED WITHOUT PREJUDICE.  Plaintiffs' Wiretap Act claim against
Henisey in his official capacity is DISMISSED WITH PREJUDICE.  Plaintiffs' common
law intrusion claim against Henisey and Hutchison in their individual capacities is
DISMISSED WITHOUT PREJUDICE.  Finally, the Court STRIKES Plaintiffs' request
for damages to the extent that it is based on Plaintiffs' invasion of privacy claim and

_____

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00137-JLS (RNBx)                         Date:  July 29, 2015

Title: Federated University Police Officers' Association et al. v. The Regents of the University of
       California et al.

STRIKES any request for punitive damages against RUC found in the FAC.  The remainder of the UC Defendants' Motion is DENIED.

      Accordingly, Plaintiffs' § 1983 claim against Henisey in his official capacity and Plaintiffs' Wiretap Act, CIPA, and § 1983 claims against Henisey and Hutchison in their official capacities are the only remaining claims in this action.  Plaintiffs shall file any amended complaint **within 21 Days** of this Order.  Failure to do so will result in the immediate dismissal with prejudice of those claims the Court has dismissed without prejudice in this Order.

Initials of Preparer:  tg